Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com
Attorney for the Plaintiff William Benjamin Landes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT JUNEAU

| | |
|---|---|
| WILLIAM BENJAMIN LANDES ) <br> 4805 Mastin St. ) <br> Shawnee, Kansas 66203, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALASKA, ) <br> ALASKA STATE LEGISLATURE, ) <br> Legislative Audit, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. |

## **COMPLAINT**

Plaintiff William Benjamin Landes ("Plaintiff" or "Mr. Landes") by and through undersigned counsel files his complaint against Defendant Alaska State Legislature ("Defendant" or "State").

## **JURISDICTION AND PARTIES**

1. This is an action for violations of the Americans With Disability Act

Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.,* when Plaintiff was improperly denied a reasonable accommodation and was retaliated for requesting an accommodation subjecting him to a hostile work environment and ultimately terminated, and retaliated in violation of the FMLA when he was immediately terminated after returning from FMLA leave in violation of 28 U.S.C. § 2601, *et seq*.

2. Plaintiff's claims arise out of his employment relationship with Defendant in Juneau.

3. Mr. Landes is a male with a disability over the age of 18 and is currently a citizen of Kansas and resides in Johnson County, Kansas.

4. Defendant is the State of Alaska with over 10,000 employees.

5. Mr. Landes made a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter from the Commission on or about December 11, 2024, and has filed his suit within ninety (90) days. *See* attached Right to Sue letter.

6. The events out of which this controversy arose occurred in Juneau, Alaska.

7. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12112(a) and 28 USC § 1331.

**VENUE**

8. The claims asserted in this action arose in this district and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 28 U.S.C. § 1391.

# FACTS

9. Mr. Landes began his employment with Defendant in September 2020, as an entry-level Staff Auditor I.

10. At all-time relevant to this litigation, Plaintiff is a qualified individual with a disability.

11. Despite his disability, Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

12. Mr. Landes always performed his job duties in an exemplary fashion.

13. Mr. Landes has repeatedly requested reasonable accommodations for his disability, including telework, lighting adjustments, and relocation away from noisy areas, which have been denied or inadequately addressed by Defendant.

14. Defendant repeatedly refused to honor Mr. Landes's request for reasonable accommodation.

15. Plaintiff was previously allowed to telework during nights and weekends to complete a 40-hour work week but was denied this privilege after requesting accommodations.

16. Defendant, through its agents, engaged in a pattern of discriminatory conduct, including denying requests for telework and flexible work hours without providing a valid reason, failing to provide effective in-office accommodations, such as a private office, subjecting Plaintiff to excessive monitoring and scrutiny, leading to stress and reduced work performance, and

terminating Plaintiff due to ineffective accommodations.

17. Defendant's actions have created a hostile work environment, caused Plaintiff significant stress and impacted his health and job performance.

18. Defendant could have but failed to provide effective accommodations, resulting in exacerbation of Plaintiff's medical condition and frequent medical leave.

19. Plaintiff filed a formal complaint alleging discrimination and failure to provide a reasonable accommodate.

20. Others not in his protected class were allowed to telework.

21. It was not an undue hardship to allow Mr. Landes to telework.

22. As a result of not adequately provided him a safe workspace or telework, he was forced to take FMLA leave.

23. Plaintiff went out on FMLA leave and his leave ended on November 24, 2023.

24. On December 1, 2023, Defendant threatened termination.

25. Plaintiff filed a Complaint for failure to provide reasonable accommodations.

26. On February 1, 2024, Defendant terminated Plaintiff's employment due to the alleged inability to perform essential job functions of his job.

## I. FEDERAL CAUSES OF ACTION

### A. COUNT I- RETALIATION IN VIOLATION OF FMLA- Retaliation for Taking FMLA

27. Plaintiffs incorporate by reference the foregoing paragraphs 1-26.

28. Defendant is an employer covered by the Family and Medical Leave Act

pursuant to 29 U.S.C. 2601, *et seq*.

29. Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

30. Defendant engaged in prohibited conduct under the FMLA by terminating Mr. Landes immediately upon his return from leave under the FMLA.

31. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

32. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice.

   **WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows:

   a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. §§ 2617(a)(1)(A)(ii);

   b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   c. Equitable relief in the form of reinstatement or front pay, as the court

deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**B. COUNT II- DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED (ADAAA)- Failure to Provide a Reasonable Accommodation**

33. Plaintiff incorporates by reference the foregoing paragraphs 1-32.

34. At all times material hereto, Plaintiff was an employee and Defendant his employer is covered by and within the meaning of Title I of the ADA as amended, 42 U.S.C. § 12111(5)(a).

35. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of 42 U.S.C. § 12102(1).

36. Plaintiff is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12111(8).

37. Mr. Landes's epilepsy and migraines are physical impairments that substantially limits one or more major life activities.

38. Defendant was aware of Mr. Landes's medical condition.

39. Defendant regarded Mr. Landes's medical condition as a physical impairment that substantially limited one or more major life activities.

40. Mr. Landes's disability was a factor that made a difference in Defendant's decision to terminate his employment.

41. Others not in his protected class were treated more favorably and were not

terminated.

42. Defendant had a duty to engage in the interactive process and breached its duty to engage in the interactive process. *Barrett v. U.S. Air, Inc.*, 228 F3d 1105 (9th Cir. 2000).

43. Defendant had a duty to reasonably accommodate Mr. Landes by allowing him to telework or providing him an enclosed office.

44. Such accommodation was not an undue hardship for the Defendant.

45. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

46. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected as his employment was terminated.

47. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows: Back pay, front pay, reinstatement, pain and suffering, punitive damages, and attorney's fees, expert witness fees, and costs of this action, and such other relief as this

Court may deem just and proper.

### C. COUNT III- DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED (ADAAA)-Retaliation for Requesting an Accommodation and/or having a Disability

48. Plaintiff incorporates by reference the foregoing paragraphs 1-47.

49. Defendant had a duty to engage in the interactive process and reasonably accommodate Plaintiff.

50. Defendant breached its duty and rather than afford him a reasonable accommodation such as telework or an enclosed office, Defendant terminated his employment.

### RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff requests ad damnum in the amount of five millions ($5,000,000) against Defendants and states as follows:

A. **Legal Relief:**

1. Compensatory damages in whatever amount he is found to be entitled;

2. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled; and,

3. An award of interest, costs and reasonable attorney fees.

B. **Equitable Relief:**

1. An order out of this Court re-instating Plaintiff to the position he would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated March 6, 2025:

Respectfully submitted,

*/s Sara L. Bloom*
Sara L. Bloom
Alaska Bar No. 1509071
Attorney for Plaintiff